# No.  12-1011

---

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

## UNITED STATES OF AMERICA
## ex rel. BENJAMIN CARTER,

Plaintiff-Appellant,

v.

## HALLIBURTON COMPANY, KBR INC.,
## KELLOGG BROWN & ROOT SERVICES, INC.,
## AND SERVICE EMPLOYEES INTERNATIONAL,

Defendants-Appellees.

---

On appeal from the United States District Court
for the Eastern District of Virginia

---

## MOTION FOR SUMMARY AFFIRMANCE

---

John M. Faust
LAW OFFICE OF
JOHN M. FAUST, PLLC
1325 G Street, N.W.
Suite 500
Washington, DC 20005
(202) 449-7707 (Tel)
(202) 449-7701 (Fax)

John P. Elwood
Craig D. Margolis
Tirzah S. Lollar
Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, DC  20037
(202) 639-6500 (Tel)
(202) 639-6604 (Fax)

*Attorneys for Appellees*

June 18, 2015

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... iii

INTRODUCTION .................................................................................1

STATEMENT OF THE ISSUE ..................................................................3

STATEMENT OF THE CASE ...................................................................3

    A. The False Claims Act Contains a Detailed Six-Year Statute of Limitations and an Absolute Ten-Year Statute of Repose....................3

    B. Carter Filed a Series of Identical Complaints, Strategically Appealing and Then Abandoning His Cases While the Limitations Period Ran........................................................................4

    C. The District Court Dismissed With Prejudice, Rejecting Any Equitable Tolling Argument as Forfeited and Meritless......................5

    D. This Court Reversed as to the WSLA, But the Supreme Court Held that Wartime Tolling Is Unavailable ............................................7

ARGUMENT..........................................................................................10

    A. Absent Equitable Tolling, Carter's Allegations Are Now Time-Barred .................................................................................................10

    B. Carter Twice Forfeited Any Equitable Tolling Argument..................11

        1. Standard of Review .......................................................................11

        2. Carter Forfeited Any Argument for Equitable Tolling, and There is No Basis for this Court to Entertain the Defaulted Claim ..............................................................................................11

    C. The District Court Did Not Abuse Its Discretion In Denying Carter's Claim for Equitable Tolling ................................................14

        1. Standard of Review .......................................................................14

        2. Equitable Tolling Does Not Apply to the FCA's Statutes of Limitations or Repose ...................................................................14

        3. Even Assuming Tolling Applied, Carter Has Not Met the Stringent Standard .......................................................................16

CONCLUSION........................................................................................20

STATUTORY ADDENDUM ............................................................. Add-1

i

CERTIFICATE OF COMPLIANCE..........................................................C-1

CERTIFICATE OF FILING AND SERVICE ..........................................C-2

EXHIBIT 1:  DECISION BELOW

EXHIBIT 2:  PANEL DECISION, 710 F.3d 171 (4th Cir. 2013)

EXHIBIT 3:  SUPREME COURT DECISION, 135 S. Ct. 1970 (2015)

# TABLE OF AUTHORITIES

**Cases:**                                                    **Page(s)**

*ACLU v. Holder*, 673 F.3d 245 (4th Cir. 2011)...........................................13

*Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326 (4th Cir. 2012)... 19, 20

*Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)......................20

*Chao v. Va. Dep't of Transp.*, 291 F.3d 276 (4th Cir. 2002) ...............*passim*

*CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014) ...................................15

*Dement v. Richmond, Fredericksburg & Potomac R.R.*,
    845 F.2d 451 (4th Cir. 1988) .................................................................17

*English v. Pabst Brewing Co.*, 828 F.2d 1047 (4th Cir. 1987)....................17

*Flores v. Ethicon, Inc.*, 563 F. App'x 266 (4th Cir. 2014).........................12

*Gabelli v. SEC*, 133 S. Ct. 1216 (2013)..............................................3, 15

*Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222 (4th Cir. 2005)...............17

*Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) .........................7, 16, 17

*Holland v. Big River Minerals Corp.*,
    181 F.3d 597 (4th Cir. 1999).......................................................11, 12, 13

*In re: Celotex Corp.*, 124 F.3d 619 (4th Cir. 1997) ...................................11

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ..............................16

*Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*,
    135 S. Ct. 1970 (2015) ........................................................................3, 10

*Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010)..............................20

*Lekas v. United Airlines, Inc.*, 282 F.3d 296 (4th Cir. 2002) ......................17

*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,
    722 F.3d 591 (4th Cir. 2013) ...................................................................13

*Moseley v. Branker*, 550 F.3d 312 (4th Cir. 2008)....................................14

*Muth v. United States*, 1 F.3d 246 (4th Cir. 1993) .....................................16

*Robinson v. Wix Filtration Corp.*, 599 F.3d 403 (4th Cir. 2010)................12

*Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc).......................2, 16, 17

*Singleton v. Wulff*, 428 U.S. 106 (1976)...................................................12

**Cases—Continued:**                                              **Page(s)**

Mem. Op., *U.S. ex rel. Carter v. Halliburton Co.*,
  No. 1:13-cv-1188 (E.D. Va. May 2, 2014), ECF No. 30 .........................9

Order, *U.S. ex rel. Carter v. Halliburton Co.*,
  No. 1:11-cv-602 (E.D. Va. Sept. 19, 2013), ECF No. 87 .........................5

*U.S. ex rel. Carter v. Halliburton Co.*,
  710 F.3d 171 (4th Cir. 2013)......................................... *passim*

*U.S. ex rel. Sanders v. N. Am. Bus Indus., Inc.*,
  546 F.3d 288 (4th Cir. 2008) ......................................... 3, 15

*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*,
  472 F.3d 702 (10th Cir. 2006) ......................................... 15

*U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337 (4th Cir. 2009) .................... 14

*United States ex rel. Erskine v. Baker*, No. 99-50034
  2000 WL 554644 (5th Cir. 2000) ..................................... 14, 15

*United States ex rel. Hyatt v. Northrop Corp.*,
  91 F.3d 1211 (9th Cir. 1996) ......................................... 15

*United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).......................... 15

*United States v. Olano*, 507 U.S. 725 (1993) .............................................. 11

*Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*,
  11 F.3d 385 (3d Cir. 1993) ......................................... 8, 13

*Wise v. Vilsack*, 496 F. App'x 283 (4th Cir. 2012) ...................................... 13

**Statutes:**

31 U.S.C. § 3730(b)(5)............................................................. 4, 5

31 U.S.C. § 3730(e)(4) ..............................................................9

31 U.S.C. § 3731(b) ................................................................ 18

31 U.S.C. § 3731(b)(1)......................................................... 3, 10, 14

31 U.S.C. § 3731(b)(2)...................................................... 3, 11, 14, 15

**Rules:**

Fed. R. Civ. P. 15(c) ................................................................ 20

S. Ct. R. 15.2........................................................................ 14

iv

## INTRODUCTION

When this case was last before this Court, the parties and panel agreed that, absent tolling, plaintiff Benjamin Carter's False Claims Act claims were time-barred under the applicable statute of limitations. During initial briefing in this Court, and again in his recent Rule 28(j) letter, Carter identified only *two* possible "bases for the timeliness of th[e] complaint in th[is] . . . matter: (1) the [Wartime Suspension of Limitations Act ('WSLA')] and (2) equitable tolling." *See* Letter of May 26, 2015 (Doc. 75). The Supreme Court's decision eliminated the WSLA as a basis for tolling. The district court squarely decided that equitable tolling does not apply, and the parties fully briefed that issue in this Court. There is no need for further briefing or oral argument. This Court should affirm the judgment of the district court, and remand with instructions to dismiss with prejudice.[1]

As the district court correctly held, and Judge Agee (the only panel member to address the issue) correctly concluded, equitable tolling will not save Carter's stale claims. *First*, Carter twice forfeited equitable tolling by raising it belatedly in a proposed sur-reply brief that the district court disallowed, and omitting from his opening brief in this Court any challenge to the trial court's holding that the argument was untimely. *Second*, Carter falls far short of the exacting standards for equitable tolling, which this Court permits only "guarded[ly] and infrequent[ly]" to

---

[1] Appellant opposes the relief sought and intends to file a response in opposition.

avoid "gross injustice" where it would be "unconscionable" to enforce limitations as written. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Carter has cited no case *ever* to entertain the kind of open-ended tolling of the False Claims Act's detailed and emphatic statute of limitations that he seeks here, and this Court has denied relators the "discovery rule" that Congress provided for suits by the government. And Supreme Court precedent categorically forecloses equitable tolling for the FCA's "absolute" 10-year statute of repose, which *every one* of Carter's claims now exceeds.

Even if equitable tolling were available, the district court and Judge Agee correctly found that Carter's untimeliness resulted from strategic litigation choices, not circumstances beyond his control. Carter made numerous tactical decisions filing and litigating four copies of a single complaint, such as choosing to appeal one case while simultaneously re-filing his complaint in a new docket—a novel approach that led to the dismissal of his last timely complaint. Suggesting that it would be a "gross injustice" to deny him a *fifth* bite at the apple flunks the red-face test. There are no extraordinary circumstances here to warrant equitable tolling; just a well-counseled litigant having second thoughts about its strategic choices.

The district court did not abuse its broad discretion dismissing with prejudice. This Court should affirm, finally bringing to an end this "remarkable

sequence of dismissals and filings" of a single complaint. *Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*, 135 S. Ct. 1970, 1974 (2015).

## STATEMENT OF THE ISSUE

Whether the district court properly dismissed this case with prejudice, where the claims are untimely under the applicable statutes of limitations and repose, and any argument for equitable tolling is forfeited and meritless.

## STATEMENT OF THE CASE

### A.    The False Claims Act Contains a Detailed Six-Year Statute of Limitations and an Absolute Ten-Year Statute of Repose

Under the False Claims Act, a *qui tam* action by a private relator "may not be brought . . . more than 6 years after the date on which the [FCA] violation . . . is committed." 31 U.S.C. § 3731(b)(1). Congress provided a discovery rule, allowing the United States to sue within three years of "when facts material to the right of action are known or reasonably should have been known by the [relevant government] official." *Id.* § 3731(b)(2). That discovery rule does not extend to suits by private *qui tam* plaintiffs, where the "the United States is [not] a party." *U.S. ex rel. Sanders v. N. Am. Bus Indus., Inc.*, 546 F.3d 288, 293-96 (4th Cir. 2008). Congress paired the discovery rule with an "absolute provision for repose," *Gabelli v. SEC*, 133 S. Ct. 1216, 1224 (2013), which states that "in no event [may suit be brought] more than 10 years after the date on which the violation is committed." 31 U.S.C. § 3731(b)(2).

**B.    Carter Filed a Series of Identical Complaints, Strategically Appealing and Then Abandoning His Cases While the Limitations Period Ran**

Kellogg Brown & Root Services, Inc. and related entities (collectively, "KBR") provided logistical services to the U.S. military in Iraq under a multi-year government contract. Between mid-January and April 2005, Carter worked briefly for KBR as a water purification operator in Iraq. *U.S. ex rel. Carter v. Halliburton Co.*, 710 F.3d 171, 174 (4th Cir. 2013). On February 1, 2006, Carter filed a *qui tam* complaint, which he amended in October 2008, alleging FCA violations involving contaminated water. The government reviewed the complaint under seal, *see* 31 U.S.C. § 3730(b)(2), and declined to intervene. After the district court dismissed for failure to plead fraud with particularity, Carter amended again in January 2009 ("*Carter 2009*"), this time alleging false billing for labor costs between January and June 2005. 710 F.3d at 175.

In March 2010, shortly before trial, the government notified the parties about an earlier-filed *qui tam* action pending in California that alleged similar timekeeping fraud. KBR moved to dismiss under the first-to-file bar, 31 U.S.C. § 3730(b)(5), which provides that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." In May 2010, the district court dismissed *Carter 2009*, concluding that the claims in the two lawsuits were "related" under § 3730(b)(5). *Id*. Carter appealed the dismissal. 710 F.3d at 175.

4

While Carter's appeal was pending, the California case was dismissed. In August 2010, Carter refiled what he concedes to be "an identical copy" of his earlier complaint (J.A. 96[2]) in a new docket ("*Carter 2010*")—while also maintaining his appeal in *Carter 2009*. The district court dismissed *Carter 2010*, holding that Carter's still-pending *Carter 2009* appeal triggered the first-to-file bar. 710 F.3d at 176. Carter did not appeal the *Carter 2010* dismissal. Instead, he voluntarily dismissed his *Carter 2009* appeal and, on June 2, 2011, filed a third copy of his complaint ("*Carter 2011*"), which was "identical to the complaint[s] filed in [*Carter 2010*] and [*Carter 2009*] except for its title, case number, and signature block." Order at 7, *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:11-cv-602 (E.D. Va. Sept. 19, 2013), ECF No. 87 ("Sept. 19 Order"); 710 F.3d at 176. The government again declined to intervene. Notice, No. 1:11-cv-602 (Aug. 23, 2011), ECF No. 3.

## C.    The District Court Dismissed With Prejudice, Rejecting Any Equitable Tolling Argument as Forfeited and Meritless

When *Carter 2011* was filed, two "related cases were pending: *United States ex rel. Duprey . . .* and another action—that is under seal—filed in Texas in 2007." 710 F.3d at 176. In November 2011, the district court dismissed *Carter 2011*, holding that it was "related" to *Duprey*, and thus barred under § 3730(b)(5). J.A. 618-19 (decision below).

---

[2] "J.A." citations are to the Joint Appendix as filed with this Court in 2012.

5

All parties agreed that allegations related to claims KBR submitted to the government prior to June 2, 2005 (i.e., six years before *Carter 2011* was filed) were untimely absent tolling. Like its predecessors, the *Carter 2011* complaint primarily alleged false claims submitted through May 2005. The district court held that *Carter 2011* "had been filed beyond the six-year statute of limitations," and that the claims "would be time barred should [they] be re-filed." As a result, the complaint must be dismissed with prejudice, absent tolling. 710 F.3d at 174, 176.[3]

In district court, Carter's main argument to avoid the statute of limitations was that the WSLA tolled the six-year period. Only "[i]n a footnote of [a] proposed sur-reply [brief], and at oral argument [in district court] . . . [did Carter argue] that his claims should be equitably tolled." J.A. 620.

Given its view that the WSLA only applies when the United States is a party, the district court reached Carter's request for equitable tolling, denying it on two separate grounds. J.A. 620. First, the court denied Carter leave to file a sur-reply—the only pleading in which Carter had mentioned equitable tolling—concluding that KBR's reply brief was properly limited to "new arguments in

---

[3] Although *Carter 2011* primarily alleged conduct prior to June 2, 2005, labor charges for two employees for one day—totaling $673.56—were billed on June 15, 2005, within the *Carter 2011* limitations period. 710 F.3d at 188 n.1 (Agee, J., concurring in part and dissenting in part). As the case comes to this Court, however, it is established that the district court properly dismissed even those claims under the first-to-file bar (because *Duprey* was pending when *Carter 2011*

Carter's opposition." "That Carter chose to devote little time to his discussion of the WSLA in his opposition brief"—and no time to equitable tolling—did not, in the district court's view, "entitle him to file a sur-reply." J.A. 630-31.

Second, the district court observed "that equitable tolling is 'reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" J.A. 620 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Carter could not meet that standard, the district court reasoned, because he had "timely filed an identical action—*Carter 2010*—which was dismissed because he chose to proceed while *Carter 200[9]* was still on appeal, thereby triggering the first-to-file bar." *Id.* "Carter cannot show that the instant suit is untimely due to circumstances external to his own conduct, and equitable tolling is inappropriate." *Id.*

## D.  This Court Reversed as to the WSLA, But the Supreme Court Held that Wartime Tolling Is Unavailable

Carter appealed *Carter 2011*. His opening brief in this Court focused on the first-to-file bar and WSLA. He devoted just over two pages of a 58-page opening brief to equitable tolling, raising a narrow set of merits arguments but not mentioning the timeliness defect. Carter argued that the district court erred by

was filed), and that, absent tolling, those claims would be untimely if Carter were to refile in the future, once *Carter 2011* is no longer "pending."

"blam[ing] [him] for the untimeliness of his filing," because (1) he "previously filed the same complaint . . . twice within the applicable limitations period"; (2) that "it [wa]s far from clear" whether *Carter 2010* was correctly dismissed due to the pending appeal in *Carter 2009* (a decision that Carter had *not* appealed); (3) that he had not "received a hearing on the merits"; and (4) that he had acted under a "reasonable expectation" that WSLA tolling would apply. Appellant Br. 54-56. Carter's opening brief raised *no challenge* to the district court's conclusion that he failed to timely raise equitable tolling. *Id.*

Not until his reply brief in this Court did Carter challenge the denial of leave to file a sur-reply. Even then, the subject garnered only a single sentence. Conceding that he raised the issue only in a rejected sur-reply, Carter suggested he preserved it by "discuss[ing] [it] during oral argument below." Carter Reply 11-12 (citing *Venuto v. Carella, Byrne, P.C.*, 11 F.3d 385 (3d Cir. 1993)). Carter also again sought to shift blame for his untimeliness, complaining that the government only revealed the existence of a related case shortly before trial in *Carter 2009*.

A divided panel of this Court affirmed in part and reversed in part. The panel unanimously agreed that *Carter 2011* should be dismissed, because *Duprey* was pending when *Carter 2011* was filed. The panel also unanimously agreed that *Carter 2011* was itself (save one $673.56 claim) filed outside the six-year statute of limitations. *See* 710 F.3d at 177, 181 (timeliness depends on WSLA); *id.* at 188

8

(Agee, J., concurring in part and dissenting in part). Two panel members held, however, that the WSLA was available, and thus did not reach Carter's claim to equitable tolling.

Judge Agee dissented in part, concluding that the WSLA did not apply. 710 F.3d at 195 (Agee, J., concurring in part and dissenting in part). He agreed with the district court that "equitable tolling is unavailable to Carter." *Id.* at 188 n.2. Not only had the trial court concluded the claim "was improperly before th[at] court," "Carter cannot show that the instant suit is untimely due to circumstances external to his own conduct, and equitable tolling is inappropriate." *Id.*

While KBR's petition for certiorari in *Carter 2011* was pending, the district court took briefing on, and ultimately denied, KBR's motion to dismiss under the public disclosure bar, 31 U.S.C. § 3730(e)(4). Bound by the panel decision, the district court dismissed *Carter 2011* without prejudice. Sept. 19 Order at 31.[4]

The Supreme Court granted certiorari and reversed in part, unanimously holding that the WSLA applies only in criminal cases but agreeing that the first-to-

---

[4] Four days later, with KBR's *Carter 2011* cert. petition pending, Carter filed a fourth "identical" complaint. *See* Mem. Op. at 6-7, *U.S. ex rel. Carter v. Halliburton Co.*, No. 1:13-cv-1188 (E.D. Va. May 2, 2014), ECF No. 30. The government again declined to intervene. After months of briefing and argument, and while lamenting the case's "recurring appearance before [it]" and "arduous" procedural history, the district court, bound by the panel decision, again dismissed without prejudice, citing the still-pending *Carter 2011* petition. *Id.* at 2, 17.

file provision "ceases to bar [future] suits" once the earlier-filed case "is dismissed." 135 S. Ct. at 1978.  The Court did not address equitable tolling.

## ARGUMENT

### A.    Absent Equitable Tolling, Carter's Allegations Are Now Time-Barred

Because all agree that *Carter 2011* must be dismissed under the first-to-file bar, the only question now before this Court is whether the dismissal should be with prejudice.  Given the Supreme Court's holding that the WSLA is inapplicable, the answer must be "yes" absent equitable tolling.

Carter alleges that KBR violated the FCA by submitting claims for payment to the government between January and May 2005, with one claim submitted on June 15, 2005.  J.A. 620.  Because he filed *Carter 2011* on June 2, 2011—"more than six years after the alleged fraud," *Carter*, 135 S. Ct. at 1974—any allegations prior to June 2, 2005 are time-barred.  31 U.S.C. § 3731(b)(1).  The district court, this Court, and the Supreme Court decided the case on that understanding, and Carter has not argued otherwise.  *See* J.A. 620 (Carter's "sole argument" for time-liness is tolling); 710 F.3d at 176; 135 S. Ct. at 1974.

Carter's recent letter to this Court conceded that he had preserved at most "two independent bases for timeliness of th[e] complaint . . . (1) the WSLA; and (2) equitable tolling."  Letter of May 26, 2015 at 1 (Doc. 75).  Because Carter cannot file and pursue a new case until proceedings in this matter (*Carter 2011*)

reach final judgment, *all* of his allegations—including the $673.56 allegedly submitted on June 15, 2005—will be time-barred absent equitable tolling if Carter refiles in the future.  Indeed, *all* Carter's allegations fall outside the absolute 10-year statute of repose, 31 U.S.C. § 3731(b)(2); even Carter's newest claim (June 15, 2005) is now more than 10 years old.

**B.    Carter Twice Forfeited Any Equitable Tolling Argument**

*1.    Standard of Review*

This Court reviews only for abuse of discretion a district court's ruling that a party failed to timely raise an argument.  *See, e.g.*, *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999).  This Court generally declines to address any issues not properly presented in the trial court, absent plain error.  *See In re: Celotex Corp.*, 124 F.3d 619, 630-31 (4th Cir. 1997) (adopting plain error standard applicable in criminal cases, as set forth in *United States v. Olano*, 507 U.S. 725 (1993), in civil cases).[5]

*2.    Carter Forfeited Any Argument for Equitable Tolling, and There is No Basis for this Court to Entertain the Defaulted Claim*

a.    As Carter concedes, he raised equitable tolling in the district court for the first time "[i]n a footnote of his proposed sur-reply," and then briefly at oral argument.  *See* J.A. 620; Appellant Reply Br. 11-12; J.A. 505, 508 (oral argument

---

[5] Under plain error, this Court will correct a forfeited error only if: (1) there is error; (2) that is plain; (3) it affects the party's substantial rights; and (4) it seriously affects the fairness, integrity or public reputation of judicial proceedings.  *Id.*

transcript).  The district court evidently understood its denial of leave to file the sur-reply as a sufficient basis to dispose of the equitable tolling issue.  *See* J.A. 620 (disposing of Carter's "argu[ment] that his claims should be equitably tolled" in "his proposed sur-reply" by denying his "Motion for Leave to File a Sur-Reply").

"Generally, issues that were not raised in the district court will not be addressed on appeal."  *Holland*, 181 F.3d at 605 (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)); *accord Robinson v. Wix Filtration Corp*., 599 F.3d 403, 411 n.10 (4th Cir. 2010).  This Court applies that rule not only when a party fails entirely to mention an issue in district court, but also where a party raises an issue belatedly. *E.g.*, *Holland*, 181 F.3d at 605 (issue raised for the first time in Rule 59(e) motion for reconsideration); *Flores v. Ethicon, Inc*., 563 F. App'x 266, 270 n.8 (4th Cir. 2014) (same; "considered waived").

In his briefs to this Court, Carter did not challenge the district court's rationale denying leave to file a sur-reply.  Carter did not dispute, for instance, that KBR properly limited its reply brief to "new arguments in Carter's opposition." J.A. 631.  Nor did (or could) Carter contest that a party's "cho[ices]" about what arguments to make in opposing dismissal cannot create an "entitle[ment]" to a sur-reply.  *Id.*  Carter's only argument was that his "discuss[ion]" of equitable tolling "during oral argument" in the district court preserved it for appeal.  Appellant Reply Br. 11-12.  Carter cites no case from this Court so holding, and his one out-

of-circuit case is readily distinguishable: There, the plaintiff's brief opposing a motion to dismiss his complaint expressly raised the question (i.e., whether being "driven into bankruptcy" was a "special grievance" sufficient to state a malicious prosecution claim). *See Venuto*, 11 F.3d at 393 (Nygaard, J., concurring). Carter's opposition brief in the district court *never mentioned* equitable tolling.

This Court will entertain an argument "not raised at the district court level" only where "'refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice.'" *Wise v. Vilsack*, 496 F. App'x 283, 286 (4th Cir. 2012) (quoting *Holland*, 181 F.3d at 605). As explained below, Carter has not shown that the district court abused its discretion in rejecting his equitable tolling on the merits, never mind committed plain error. Nor is a *fifth* bite at the apple necessary to safeguard "the fairness, integrity or public reputation of judicial proceedings."

b.     Independent of preservation issues in district court, Carter also "abandoned" the issue on appeal "by failing to properly raise [it] in [his] opening brief." *ACLU v. Holder*, 673 F.3d 245, 252 n.5 (4th Cir. 2011). While Carter's notice of appeal cited the order denying leave to file a sur-reply, his opening brief made no mention of that issue. A party "waive[s] [an] argument by raising it for the first time in its reply brief [on appeal]." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 602 n.13 (4th Cir. 2013); *Moseley v. Branker*,

550 F.3d 312, 325 (4th Cir. 2008). Allowing parties to raise new issues in reply

encourages sandbagging and deprives this Court of adversarial briefing.[6]

## C. The District Court Did Not Abuse Its Discretion In Denying Carter's Claim for Equitable Tolling

### 1. *Standard of Review*

This Court "review[s] [a] district court's ruling on equitable tolling for abuse

of discretion." *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 279-80 (4th Cir.

2002). Any findings of fact are reviewed only for clear error. *U.S. ex rel. Vuyyuru*

*v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009).

### 2. *Equitable Tolling Does Not Apply to the FCA's Statutes of Limitations or Repose*

Courts have frequently held that equitable tolling is unavailable to private

relators under the FCA, because Congress expressly provided for tolling where it

so intended—i.e., where material facts are (or should have been) learned by "the

official of the United States charged with responsibility to act in the circum-

stances." 31 U.S.C. § 3731(b)(2). "The absence of similar language in

§ 3731([b])(1) [governing relator suits] evinces a clear intent to not allow equitable

tolling of this limitations period for fraud." *United States ex rel. Erskine v. Baker*,

No. 99-50034, 2000 WL 554644, at *2 (5th Cir. 2000) (unpublished); *accord U.S.*

---

[6] Nor did Carter mention equitable tolling in his Brief in Opposition in the Supreme Court. *Cf.* S. Ct. R. 15.2 (non-jurisdictional issues "may be deemed waived unless called to the Court's attention in the brief in opposition").

*ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725-26 (10th Cir. 2006) ("a relator who learns of fraudulent activity seven years after it occurs would be barred from bringing suit"). Carter's argument for "equitable tolling" in this non-intervened *qui tam* "is contrary to the plain [language and] structure of the statute," which "do[es] not offer similar protection to relators." *Erskine*, 2000 WL 554644, at *2. Expressly providing discovery-rule tolling for suits by the government, and specifying an absolute period of repose, both indicate that Congress has "do[ne] something special, beyond setting an exception-free deadline," to preclude equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015).[7]

Equitable tolling is particularly inappropriate because Carter seeks relief not only from the six-year statute of limitations, but also from the FCA's "absolute [10-year] provision for repose," *Gabelli*, 133 S. Ct. at 1224 (discussing 31 U.S.C. § 3731(b)(2)). A "central distinction between statutes of limitations and statutes of repose," the Supreme Court has held, is that "[s]tatutes of limitations, but not statutes of repose, are subject to equitable tolling." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014); *see also id.* ("Statutes of repose . . . generally may not be

---

[7] Prior to 1986, the FCA contained no tolling provision. Several courts "equitably tolled" the then-applicable six-year limitations period until the government was on notice of the alleged fraud. *See United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1216 (9th Cir. 1996). This judicially crafted "discovery rule" was later codified in § 3731(b)(2), which under *Sanders*, applies only to the government.

tolled, even in cases of extraordinary circumstances beyond a plaintiff's control."). Carter's newest claim dates from June 15, 2005.  Because the first-to-file bar prevents Carter from filing a new complaint until *Carter 2011* (including this appeal) has reached final judgment, all his claims now exceed the 10-year period.

### 3.  *Even Assuming Tolling Applied, Carter Has Not Met the Stringent Standard*

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  In this Circuit, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Chao*, 291 F.3d at 283 (internal quotation marks omitted).  "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *accord Muth v. United States*, 1 F.3d 246, 251 (4th Cir. 1993) ("only for the most deserving complainant").  "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246.[8]

---

[8] This Court has occasionally allowed tolling where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the

This Court has repeatedly declined to toll limitations in circumstances far more compelling than here. For instance, this Court upheld dismissal on statute-of-limitations grounds where a death-row inmate's lawyer filed his habeas petition *one day* late, due to a "miscalculation" about applicable law—despite the inmate's potentially meritorious claim that a juror concealed racial animus to serve on his jury and sentence him to death, *id.* at 257 (Motz, J., dissenting); *accord Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (life sentence; attorney's innocent mistake). This Court has also denied equitable tolling where an age-discrimination plaintiff sued six months late, claiming "he did not learn of" necessary facts until "six months after his discharge." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1050 (4th Cir. 1987). So too where a party sought disability benefits two months late, due to attorney negligence. *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 224 (4th Cir. 2005).

"The question is whether the delinquent plaintiff has done *everything she can* to preserve her rights." *Chao*, 291 F.3d at 283 (emphasis modified). Equitable tolling cannot relieve a party from its decision not to take timely action, even when

---

defendant," *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000), but Carter has never made any such argument here. KBR plainly did not "act[] either to conceal a cause of action . . . or cause [Carter] to miss the filing deadline." *Lekas v. United Airlines, Inc.*, 282 F.3d 296, 301 (4th Cir. 2002); *cf. Dement v. Richmond, Fredericksburg & Potomac R.R.*, 845 F.2d 451, 461 (4th Cir. 1988) (tolling the limitations period where [plaintiffs] were "affirmatively asked" to

that course was "a reasonable exercise of [the] obligation to allocate resources in the face of uncertain future events." *Id.* at 283-84. "'[R]easonableness' is *not* the touchstone of equitable tolling"; a party is barred even when—*particularly* when—delay was "based on an evaluation of the costs and benefits." *Id.* Equitable tolling does not relieve a party from "the then-known potential consequences of her actions" or the "hard choices" ubiquitous in litigation. *Id.* at 284.[9]

Carter cannot meet that high bar. *Carter 2011* was out-of-time for numerous reasons attributable to Carter himself. As Carter concedes, he filed several versions of his complaint within the limitations period. *Carter 2010* was timely even though it postdated the government's pre-trial disclosure in *Carter 2009* (the timing of which Carter now criticizes). But *Carter 2010* was dismissed because of Carter's own choice to maintain his appeal of *Carter 2009* simultaneously with filing a new complaint. Carter recognized the limitations problem at the time, *see*

---

refrain from suit and were told [by the defendant] that their problem would be solved without the "need of civil suit").

[9] Because Congress specified the circumstances in which tolling of § 3731(b) is available—i.e., where underlying facts were not known—at most Carter would be entitled to a discovery rule. But that option is both foreclosed by *Sanders* and unsupported by facts, because Carter has never alleged a lack of knowledge. To the contrary, he claims to be a percipient witness, and filed suit less than a year after the alleged conduct.

Appellant Br. 55, but took his chances with the WSLA.[10]  Carter's choice not to appeal the *Carter 2010* dismissal forecloses his current collateral attack on the district court's rationale in doing so.  Appellant Br. 55.

At most Carter has shown "the [unsuccessful] gamble that plaintiffs' counsel knowingly made" when they abandoned *Carter 2010*.  *Angles v. Dollar Tree Stores, Inc.*, 494 F. App'x 326, 333 (4th Cir. 2012) (no tolling for class action under federal Equal Pay Act).  The mere fact that "[Carter] lost that gamble" when the Supreme Court found the WSLA inapplicable does not entitle him to equitable tolling.  *Id.*  The fact that he will not receive a trial on the merits is true, by definition, of virtually *every claim* for tolling, given that the statute of limitations is typically raised in a motion to dismiss or for summary judgment.[11]  Carter is not losing a recovery that would make him whole for personal injuries; he is only losing his claim to a bounty for recovering for injuries purportedly done to the United States—but in which the government itself has repeatedly expressed no interest.

"'[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded

---

[10] It is irrelevant whether Carter "reasonably" expected to win the WSLA issue, *see Chao*, 291 F.3d at 283, a dubious proposition given the lack of on-point case law from this Court.

[11]  If any party has been prejudiced, it is KBR, which bore the staggering cost of discovery and pretrial motions in a case that would have been promptly dismissed under first-to-file if the United States had given timely notice in *Carter 2009*.

administration of the law.'" *Chao*, 291 F.3d at 284 (quoting *Baldwin Cnty.*

*Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). The Court should affirm and

remand with instructions to dismiss with prejudice.[12]

## CONCLUSION

The judgment dismissing the case with prejudice should be affirmed.

Respectfully submitted,

John M. Faust
LAW OFFICE OF
JOHN M. FAUST, PLLC
1325 G Street, N.W.
Suite 500
Washington, DC 20005
(202) 449-7707 (Tel)
(202) 449-7701 (Fax)

/s/ John P. Elwood
John P. Elwood
Craig D. Margolis
Tirzah S. Lollar
Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, DC  20037
(202) 639-6500 (Tel)
(202) 639-6604 (Fax)

*Attorneys for Appellees*

June 18, 2015

---

[12]  For the first time in this litigation, Carter's Supreme Court merits brief suggested that *Carter 2011* should "relate back to his initial filing" in an earlier case. Carter cited no authority for that proposition, which is manifestly incorrect. Federal Rule of Civil Procedure 15(c) authorizes an "amendment to a pleading" to "relat[e] back" to a timely filed original pleading *in the same case*. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). "In cases involving the relation back of an amended complaint to an 'original pleading,' under Rule 15(c), courts have held that a complaint in one case may not relate back to a complaint in another case to avoid the statute of limitations." *Angles*, 494 F. App'x at 330 n.8 (citing cases). Carter chose to file new cases (not to amend) to avoid the FCA's first-to-file bar, which asks whether a related case is pending at the time the original complaint is filed. He cannot now distort the relation back doctrine to escape the consequences of that choice. Carter also waived that argument by not raising it in his brief in opposition in the Supreme Court. *See* note 6, *supra*.

## STATUTORY ADDENDUM

**31 U.S.C. § 3731(b)(1)-(2)   False Claims Procedure**

(b) A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This motion complies with the page limitation of Fed. R. App. P. 27(d)(2) because it does not exceed 20 pages, excluding the portions exempted by Fed. R. App. P. 27(d)(2) and 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point font, Times New Roman.

s/ John P. Elwood
Attorney for Appellees

C-1

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that, on this 18th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.  Counsel who are not so registered will be served by first-class U.S. mail, postage prepaid.

Thomas Mansfield Dunlap, Esq.
David Ludwig, Esq.
Dunlap, Grubb & Weaver PLLC
199 Liberty St., SW
Leesburg, VA 20175
*Counsel for Plaintiff-Appellant*

David S. Chase
Robert A. Magnanini
Jason Spiro
David S. Stone
Stone & Magnanini LLP
Suite 2200
100 Connell Drive
Berkeley Heights, NJ 07922
*Counsel for Plaintiff-Appellant*

Richard W. Sponseller
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
*Counsel for the United States*

s/ John P. Elwood
Attorney for Appellees

C-2