IN THE
**United States Court of Appeals
For the Fourth Circuit**
_____

No. 12-1011
_____

UNITED STATES OF AMERICA
*ex rel.* BENJAMIN CARTER,

*Plaintiff-Appellant*,

v.

HALLIBURTON COMPANY, KBR INC.,
KELLOGG BROWN & ROOT SERVICES, INC.,
AND SERVICE EMPLOYEES INTERNATIONAL,

*Defendants- Appellees*.

_____

On appeal from the United States District Court
for the Eastern District of Virginia
_____

**PLAINTIFF-APPELLANT BENJAMIN CARTER'S
RESPONSE TO DEFENDANTS'–APPELLEES'
MOTION FOR SUMMARY AFFIRMANCE**
_____

David S. Stone
Robert A. Magnanini
Erika Levin

*Attorneys for Plaintiff-Appellant/
Relator Benjamin Carter*

July 10, 2015

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ........................................................................... 1

SUMMARY OF THE ARGUMENT ................................................ 2

ISSUES PRESENTED ..................................................................... 5

    1.    Whether this Court should deny Halliburton's motion for summary affirmance ................................................................. 5

    2.    Whether application of equitable tolling is appropriate to Carter's claims ................................................................................ 5

COUNTER-STATEMENT OF THE CASE ...................................... 5

ARGUMENT ................................................................................... 5

    I.    Halliburton Fails to Meet the Significant Burden of Establishing that a Motion for Summary Affirmance is Warranted, and Thus its Motion Must be Denied .................................................. 5

    II.    Equitable Tolling of Carter's Claims is Appropriate and Warrants Full Consideration by this Court .......................... 8

        A.    This Court Should Address the Issue of Equitable Tolling as the Issue Was Not Waived and Is Now Ripe for Review by this Court ...................................................................... 8

            1.    Equitable tolling was previously acknowledged and remains ripe for review by this Court ............................. 9

            2.    Moreover, regardless of whether the issue was addressed previously, this Court should nonetheless entertain Carter's equitable tolling argument ................. 12

        B.    Carter's Claims Should Be Equitably Tolled to Allow this Case to Proceed to the Merits .................................. 13

            1.    FCA limitations period is subject to equitable tolling.... 13

i

2.   Carter meets the standards for application of
     equitable tolling ...........................................................15

CONCLUSION ................................................................................20

CERTIFICATE OF COMPLIANCE...................................................C-1

CERTIFICATE OF SERVICE .............................................................C-2

# TABLE OF AUTHORITIES

## Cases

*Aikens v. Ingram,*
    524 F. App'x 873 (4th Cir. 2013) ..................................................17

*Bagot v. Ashcroft,*
    398 F.3d 252 (3d Cir. 2005) ......................................................10

*Bailey v. Shell Western E&P, Inc.,*
    609 F.3d 710 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 428 (2010) .................15

*Chao v. Virginia Dep't of Transp.,*
    291 F.3d 276 (4th Cir. 2002) .....................................................16

*Cook County v. United States ex rel. Chandler,*
    538 U.S. 119 (2003) ...............................................................15

*Cruz v. Maypa,*
    773 F.3d 138 (4th Cir. 2014) .....................................................16

*CTS Corp. v. Waldburger,*
    134 S. Ct. 2175 (2014) ...........................................................16

*Harris v. Hutchinson,*
    209 F.3d 325 (4th Cir. 2000) .....................................................18

*Holmberg v. Armbrecht,*
    327 U.S. 392 (1946) ..............................................................14

*Irwin v. Department of Veterans Affairs,*
    498 U.S. 89 (1990) ...............................................................14

*Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter,*
    135 S. Ct. 1970 (2015) ................................................... 3, 8, 11, 16

*Lozano v. Montoya Alvarez,*
    134 S. Ct. 1224 (2014) ...........................................................13

*National Wildlife Federation v. Hanson,*
    859 F.2d 313 (4th Cir. 1988) .....................................................12

iii

*Plante v. Gary Dake*,
   599 Fed. App'x. 13 (2d Cir. 2015) ....................................................6

*Rouse v. Lee*,
   339 F.3d 238 (4th Cir. 2003) ........................................................18

*Sniado v. Bank Austria AG*,
   378 F.3d 210 (2d Cir. 2004) ......................................... 9, 10, 12, 13

*Thompson v. Peake*,
   269 Fed. App'x. 955 (Fed. Cir. 2008) ............................................6

*United States ex rel. Bledsoe v. Community Health Sys., Inc.*,
   501 F.3d 493 (6th Cir. 2007) ........................................................14

*United States ex rel. Carter v. Halliburton Co.*, No. 1:11CV602 JCC/JFA,
   2011 WL 6178878 (E.D. Va. Dec. 12, 2011), *rev'd and remanded,* 710
   F.3d 171 (4th Cir. 2013), *aff'd in part, rev'd in part and remanded  sub
   nom. Kellogg Brown & Root Servs., Inc. v. U.S., ex rel. Carter*, 135 S.
   Ct. 1970 (2015) ............................................................................11

*United States v. Allen*,
   408 F.2d 1287 (D.C. Cir. 1969)......................................................6

*United States v. Glover*,
   731 F.2d 41 (D.C. Cir. 1984)..........................................................6

*United States v. Kwai Fun Wong*,
   135 S. Ct. 1625 (2015)...................................................... 13, 14, 17

*Vaughan v. Recall Total Info. Mgmt., Inc.*,
   217 F. App'x 211 (4th Cir. 2007)..................................................12

*Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*,
   11 F.3d 385 (3d Cir. 1993) ...........................................................10

*Young v. United States*,
   535 U.S. 43 (2002)........................................................................13

## **Statutory Authorities**

31 U.S.C. § 3730(b)(2) ................................................................................2

31 U.S.C. § 3730(b)(5) ..............................................................................15

False Claims Act, 31 U.S.C. §§ 3729-3733 ...................................... passim

Wartime Suspension of Limitations Act, 18 U.S.C. § 3287 .............. 8, 17

## **Rules**

Local Rule 27(f) ....................................................................................6, 7

## INTRODUCTION

Defendant/Appellee Halliburton's[1] attempt to deny Carter the right to full briefing and argument on the merits of equitable tolling considerations through the invocation of the highly unusual and wholly inappropriate tool of summary affirmance is misplaced and must be denied. Moreover, it represents the latest in a series of stalling tactics pursued by Halliburton in order to prevent Carter from reaching his singular goal: to receive a hearing on the merits of his claims. Despite Halliburton's efforts, summary disposition of these issues is inappropriate.

At its core, this is a case about an employee, Benjamin Carter, who personally observed his employer, Halliburton, fraudulently billing the United States Government ("Government") millions of dollars for water testing and purification, which was needed to provide potable water for the United States troops stationed in Iraq, despite never cleaning a single drop of water. In 2006, in an attempt to help end Halliburton's dangerous fraud, Carter stepped into the shoes of the Government and pursued this action against Halliburton in accordance with the False Claims Act ("FCA") statute. Since that time, Carter has diligently and relentlessly pursued his claims. But for a series of unforeseeable and unique FCA-

---

[1] The Defendants/Appellees in this case are Kellogg Brown & Root Services, Inc., KBR Inc., Halliburton Company, and Service Employees International (collectively "Halliburton").

1

related procedural challenges that were beyond Carter's control, Carter would have been afforded the opportunity to litigate the merits of his claims five years ago.

Carter respectfully urges this Court to deny Halliburton's motion for summary affirmance and to allow briefing on why equitable considerations should be applied to toll the FCA limitations period which would permit the parties to resume where they left off in 2010 when Carter was first dismissed because of the *Thorpe* case—a week before the commencement of trial.[2]

## SUMMARY OF THE ARGUMENT

Halliburton claims that Carter should be denied equitable relief because Carter has gambled on an ill-advised litigation strategy and lost. This is beyond disingenuous and entirely false. Carter has done everything within his power under the FCA's rubric to preserve his first-to-file status and his ability to pursue his fraud allegations against Halliburton on behalf of the Government. For instance, Carter could not have predicted that the district court would rule that Carter's prior filings should bar his later identical filings, in disregard of the statutory language

---

[2] Even though FCA Section suit  provides that a complaint shall remain under seal for 60 days, in practice, the complaint could remain under seal for a much longer period of time.  For example, False Claims Act cases with which we have been involved have been under seal for the following time periods: Janssen and Johnson & Johnson – 13 years; GlaxoSmithKline – 12 years; Forest Laboratories – 10 years; and Amgen – 7 years.  While the complaint is under seal, the relator is at the mercy of the Government since the Government controls when the seal period ends and what information it chooses to divulge with respect to the existence of other related cases.

2

of the FCA. Moreover, Carter could not anticipate that the district court would hold that an already-dismissed *Thorpe* case was still pending, thus barring Carter from proceeding with his case, especially since it required reaching the Supreme Court to correct this erroneous definition of "pending." Since Halliburton has filed this motion for summary affirmance after Carter had informed this Court by letter dated May 26, 2015 of the need for consideration of the equitable tolling issue in light of the Supreme Court's decision, their motion constitutes nothing more than a peremptory ploy which is procedurally improper.

Contrary to Halliburton's assertions, this is not a situation where this Court is in a position to summarily affirm the district court's dismissal of Carter's claims *with* prejudice. Halliburton conveniently ignores the subsequent developments which have transpired in the Fourth Circuit and the Supreme Court during which the district court dismissal with prejudice was reversed to one *without* prejudice.[3] Additionally, the Supreme Court's interpretation of "pending," specifically held that dismissed cases do not operate as a bar on first-to-file grounds. Thus, Carter should not have been precluded from proceeding to the merits of this case by the first-to-file bar.

---

[3] The Supreme Court specifically "conclude[d] that dismissal with prejudice was not called for." *Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*, 135 S. Ct. 1970, 1978 (2015).

3

In the context of its motion for summary affirmance, Halliburton also seeks to prevent this Court from entertaining any equitable considerations with respect to the tolling of the FCA limitations period. Again, Halliburton conveniently ignores that it bears the responsibility for overcoming the high bar to establish that the FCA limitations period should not be tolled in the instant case, a burden that Halliburton fails to reach.

Aside from being deprived of its windfall and having to actually litigate the merits of the fraud allegations against it, Halliburton has notably failed to demonstrate how it would actually be prejudiced by the equitable tolling of the FCA limitation period. Halliburton has been on notice of Carter's claims since as far back as 2006 and can point to no issues with respect to the spoliation of evidence, since all discovery was conducted and completed by 2010 and the case was trial ready. In contrast, Carter has consistently advanced an argument for tolling on both a statutory and equitable basis.

Halliburton's characterization of the situation as one where Carter is attempting to take another bite of the apple is disingenuous at best. If anything, Carter is still waiting for his first actual bite of the apple. Moreover, to allow Halliburton to escape from having to answer to the allegations of fraud asserted against it by Carter, merely because other relators made similar accusations of fraud, would be the ultimate perversion of the very purpose of the FCA statute.

4

Rather than incentivize relators to come forward to root out fraud, it would send the message to defendants that they can shield their illegal actions by encouraging defendants to file meritless cases so as to operate as a bar that would allow the defendant to dodge any liability for its wrongdoing.

In sum, not only is a summary affirmance improper since open questions remain, but Halliburton can point to no reason why the policies underlying the FCA should be outweighed by a rigid application of the statute of limitations in this case.

## ISSUES PRESENTED

1. Whether this Court should deny Halliburton's motion for summary affirmance.

2. Whether application of equitable tolling is appropriate to Carter's claims.

## COUNTER-STATEMENT OF THE CASE

Carter relies on its Motion for Supplemental Briefing for a recitation of the facts and procedural history.

## ARGUMENT

### I.   Halliburton Fails to Meet the Significant Burden of Establishing that a Motion for Summary Affirmance is Warranted, and Thus its Motion Must be Denied

Halliburton's failure to satisfy its burden to establish the propriety of this extraordinary and seldom-granted recourse warrants denial of its motion for

5

summary affirmance. Remarkably, Halliburton fails to cite to one case or source of authority in support of its entitlement to a motion for summary affirmance under these circumstances.

Pursuant to Local Rule 27(f) of the Fourth Circuit Court of Appeals, motions for summary affirmance "are reserved for extraordinary cases and … are seldom granted." *See Plante v. Gary Dake*, 599 Fed. App'x. 13, 14 (2d Cir. 2015) (stating that "[s]ummary affirmance of a district court's decision in place of full merits briefing … is a short-cut … that is available only if an appeal is truly frivolous.") (internal citations and quotations omitted). In particular, Local Rule 27(f) is also instructive in providing that such motions "should be made only after briefs are filed" and that "[i]f such motions are submitted before the completion of the briefing schedule, the Court will defer action on the motion until the case is mature for full consideration." Additionally, the party moving for summary disposition bears the "heavy burden" of demonstrating that the merits of his claim are so clear—such that no substantial question regarding the outcome exists—and an expedited resolution of the appeal is justified. *Thompson v. Peake*, 269 Fed. App'x. 955 (Fed. Cir. 2008); *United States v. Glover*, 731 F.2d 41, 44 (D.C. Cir. 1984).

Here, Halliburton has failed to meet its "heavy burden" of demonstrating why a motion for summary affirmance is justified. *See United States v. Allen*, 408 F.2d 1287, 1288 (D.C. Cir. 1969); *Glover*, 731 F.2d at 44. The filing of a motion

for summary affirmance by Halliburton in response to Carter's May 26, 2015 letter to the Court seeking equitable consideration of the FCA limitation period smacks of a peremptory ploy that is wholly improper on a substantive and temporal basis.

The instant case is far from a situation where a lower court's decision is rubber-stamped as it makes its way up to the appeals court. Unlike the criminal or regulatory context where summary affirmance is occasionally granted because the rulings below are formulaic and straight-forward, seeking a motion for summary affirmance in a case remanded from a higher Court; i.e., the United States Supreme Court, is entirely unjustified because of the open and unresolved questions of law that exist. *See* Local Rule 27(f). There is nothing rudimentary or straight-forward about a case that merits attention from the United States Supreme Court.

Moreover, the relief sought by Halliburton via its motion for summary affirmance is flawed. While posturing that this is a situation where this Court is in a position to summarily affirm the district court's dismissal of Carter's claims *with* prejudice, (Halliburton Brief, at 1-2), Halliburton conveniently ignores the developments that have transpired since the district court's decision. The Fourth Circuit specifically reversed this decision and held that any dismissal was *without* prejudice. Relying on this Court's ruling, Carter agreed to dismiss his then pending case so as to re-file the identical case again. Furthermore, the Supreme Court went on to "conclude that dismissal with prejudice was not called for," in part because

7

"Petitioners acknowledge that respondent has raised other arguments that, if successful, could render at least one claim timely on remand." *Carter*, 135 S. Ct. at 1978. Thus, as a result, summary affirmance on this basis is improper and untimely. And, as a result, this Court should order the parties to proceed with briefing as to whether the FCA limitations period should be tolled to allow Carter to finally proceed to the merits of his claims.

## II.    Equitable Tolling of Carter's Claims is Appropriate and Warrants Full Consideration by this Court

Halliburton's attempt through its motion for summary affirmance to prevent this Court from equitably tolling the FCA limitations period is also improper. In addition to arguing for a summary affirmance of the district court's dismissal of Carter's case with prejudice, Halliburton also asks this Court via its motion to summarily affirm *dicta* contained within a footnote of the district court's opinion stating in passing that equitable tolling as presented to the district court was inapplicable to Carter's case.

### A.    This Court Should Address the Issue of Equitable Tolling as the Issue Was Not Waived and Is Now Ripe for Review by this Court

Contrary to the arguments raised by Halliburton, this Court is in no way forestalled from consideration of the issue of equitable tolling since it was raised and acknowledged by the parties and the courts. This Court's previous ruling on the WSLA obviated the need for equitable tolling to be addressed in the opinion,

8

and regardless of the extent to which equitable tolling was addressed previously, this Court still retains jurisdiction to consider Carter's equitable tolling argument since no additional fact-finding is required in order to resolve the issue. *See Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (holding that on remand from the Supreme Court an appellate court has discretion to consider arguments, even if not raised below, "to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding."). Thus, this Court should, at a minimum, accept briefing on the issue and undertake an analysis of whether equitable consideration is justified.

### 1. Equitable tolling was previously acknowledged and remains ripe for review by this Court

Any assertion by Halliburton that recourse to equitable tolling has been waived is meritless. Halliburton incorrectly relies upon the district court's dismissal with prejudice as a basis for stating that Carter's equitable tolling argument was forfeited and meritless. (*See* Halliburton Brief at 5.)  However, Halliburton fails to address and reconcile the subsequent decisions of the Fourth Circuit and the Supreme Court in which those courts clarified that any dismissal of Carter's claims was to be treated *without* prejudice. Moreover, it belies logic for Halliburton to argue that the equitable tolling issue was somehow waived because it was not raised below and yet simultaneously improperly argue that dicta

contained in a footnote of the district court's opinion constituted a decision that denied Carter's claim for equitable tolling. (*See* Halliburton Brief at 5-14.)

Equitable tolling (or equitable considerations) can and should be considered by this Court when justice so requires. *Sniado*, 378 F.3d at 213. Moreover, when the issue has been raised and acknowledged by the district court, it cannot be deemed to have been waived. *Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C.*, 11 F.3d 385, 388 (3d Cir. 1993) (finding that waiver did not occur when district court had chosen to consider the issue and reject it when it was raised at oral argument); *see also Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005) (application of waiver doctrine might result in substantial injustice).

Here, not only was equitable tolling raised by Carter but it was acknowledged by the district court, the dissent in the Fourth Circuit, and, implicitly, by Halliburton during its oral argument in the Supreme Court. *See* Relator's Proposed Sur-Reply to Defendants' Reply in Support of Their Motion to Dismiss, J.A. 466, n. 6 ("Even if the WSLA did not apply, it would clearly be within the Court's discretion to apply equitable tolling."); Oral Argument before Judge Cacheris, United States District Court (Nov. 18, 2011) J.A. 505 ("So as I will get to later on, if ever there was a case for equitable tolling, this is it."); Oral Argument before the Supreme Court (January 13, 2015), Transcript at p. 12 (Halliburton acknowledged that the Supreme Court should address the equitable

10

tolling argument so that it would not have to be addressed on remand to the Fourth

Circuit). Furthermore, Halliburton twice asked the Court to reject any request for

equitable tolling, proving that they were fully aware that this issue had already

been raised. Defendants' Response to Relator's Motion for Leave to File Sur

Reply, J.A. 476-7 ("And even if some other species of equitable tolling were

recognized…equitable tolling is not considered absent "extraordinary

circumstances."); *United States ex rel. Carter v. Halliburton Co.*, No. 1:11CV602

JCC/JFA, 2011 WL 6178878, at *8, n. 11 (E.D. Va. Dec. 12, 2011), *rev'd and

remanded,* 710 F.3d 171 (4th Cir. 2013), *aff'd in part, rev'd in part and remanded

sub nom. Kellogg Brown & Root Servs., Inc. v. U.S., ex rel. Carter*, 135 S. Ct. 1970

(2015), J.A. 620 ("Thus…equitable tolling is inappropriate.").

Additionally, the issue was raised in relation to the Supreme Court

proceedings. The Supreme Court acknowledged that the issue of equitable tolling

would need to be decided subsequent to its remand of the case to this Court. *See

Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter*, 135 S. Ct.

1970, 1979 (2015) (holding that a qui tam suit ceases to be pending under the

FCA's first-to-file bar once the suit is dismissed and agreeing with the Fourth

Circuit that the district court's "dismissal with prejudice of respondent's one live

claim was error"). If equitable tolling had not remained as a viable alternative

11

theory in the instant case, there would have been no reason for the Supreme Court

to address the interpretation of "pending" as it relates to the first-to-file bar.

Thus, Halliburton's request to summarily affirm does not comport with its

argument that the issue of equitable tolling was waived and forfeited and it is ripe

for this Court to resolve whether equitable tolling applies to Carter's claims.

### 2. Moreover, regardless of whether the issue was addressed previously, this Court should nonetheless entertain Carter's equitable tolling argument

This Court not only possesses the discretion to act in order to avoid the

imposition of manifest injustice, but it is also bound to act where an argument at

issue does not require any additional fact-finding. *Sniado*, 378 F.3d at 213. *See*

*Vaughan v. Recall Total Info. Mgmt., Inc.*, 217 F. App'x 211, 222-23 (4th Cir.

2007) (considering an issue, even if waived, if the error is "plain" and the court's

refusal to consider it would result in a miscarriage of justice); *National Wildlife*

*Federation v. Hanson*, 859 F.2d 313, 318 (4th Cir. 1988) (same).

Carter filed his complaint within the six-year statute of limitations first in

2006, which Halliburton became aware of in 2008. Carter filed his second,

identical complaint on August 4, 2010, which was also well within the statute of

limitations. This is not a situation where Carter is seeking to file an entirely new

complaint with novel claims that might somehow surprise Halliburton. But for a

confluence of the events described above, Carter's claims should never have

outrun the limitations period. This is precisely the type of scenario that equitable tolling was designed to address.

Failure to apply equitable principles to this case would result in manifest injustice since it would prevent Carter from proceeding to the merits of his case that was ready for trial even though he has done nothing to warrant such a harsh result. *Sniado*, 378 F.3d at 213. Procedural peculiarities, such as being barred by one's own case, being forced to re-file nearly identical versions of one's complaint to comply with the district court's rulings, and, at Halliburton's request, arguing the precedential first-to-file issue all the way to the Supreme Court and prevailing, should not forestall equitable tolling of the FCA limitations period. Additionally, in line with *Sniado*, this Court's analysis of equitable tolling requires no additional fact-finding. *See id.*

### B.  Carter's Claims Should Be Equitably Tolled to Allow this Case to Proceed to the Merits

As discussed more fully in Carter's motion for supplemental briefing, the instant case is an ideal case for the application of equitable considerations.

### 1.  FCA limitations period is subject to equitable tolling

Since this Court's prior ruling in this case, the Supreme Court has definitively held that there is a strong presumption in favor of equitable tolling. *United States v. Kwai Fun Wong,* 135 S. Ct. 1625 (2015); *see also Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *Young v. United States*, 535 U.S.

13

43, 49 (2002) ("It is hornbook law that limitations periods are 'customarily subject to 'equitable tolling'''"). Therefore, since there is no evidence whatsoever that Congress did not intend for equitable tolling to apply to the FCA, it must be included. *Lozano*, 134 S. Ct. at 1232. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ("This equitable doctrine is read into every federal statute of limitation.").

Although the Fourth Circuit has not decided whether equitable tolling applies to the FCA, other Circuits have already held that it does. *United States ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 519 (6th Cir. 2007) ("Because we have determined that some of Relator's claims do not relate back to his prior pleadings, we must determine whether the otherwise time-barred allegations are saved by equitable tolling. We conclude that Relator is entitled to equitable tolling of the statute of limitations.").

Halliburton has failed to overcome the rebuttable presumption that equitable tolling applies. *See Wong*, 135 S. Ct. at 1630; *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). Moreover, any such attempt would be misplaced because if Congress had intended the provision to operate as a jurisdictional bar, it would have clearly stated as such. Absent any indication to the contrary, this Court should find that the FCA limitation period is capable of being

14

equitably tolled. *See* Carter Motion for Suppl Briefing, Section II, for further discussion of this issue.

### 2. Carter meets the standards for application of equitable tolling

Equitable considerations are warranted here in order to right the wrongs that have occurred as a result of the misapplication of the FCA statute, particularly the first-to-file provision that went all the way to the Supreme Court in a case of first impression.

Congress drafted the FCA to empower whistleblowers to effectively prosecute fraud against the Government. 31 U.S.C. §§ 3729-3733; *Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 133 (2003). The first-to-file provision exists to prevent parasitic relators from intruding upon meritorious and viable actions that were already in progress. 31 U.S.C. § 3730(b)(5). Specifically, section 3730(b)(5) provides that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." Nothing within the statute supports an interpretation that a relator—"a person"—could in any way bar himself or be considered "another person". *Id.*; *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 720-21 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 428 (2010) (holding that the first to file rule does not apply to the same plaintiff, who for whatever reason, files the same complaint in another jurisdiction). Additionally, in light of the Supreme

Court's recent decision in this case, it is now evident that already-dismissed cases cannot operate as a bar. *Carter*, 135 S. Ct. at 1979. (agreeing with the Fourth Circuit and "hold[ing] that a *qui tam* suit under the FCA ceases to be 'pending' once it is dismissed.").[4]

In a situation such as this one where Carter has "exercise[d] due diligence in preserving [his] legal rights," and "extraordinary circumstances beyond [his] control" have presented statute of limitations issues, equitable tolling should be applied. *See Cruz v. Maypa*, 773 F.3d 138, 145-46 (4th Cir. 2014).

First, Carter exhibited diligence in his prompt pursuit of claims against Halliburton. He filed his first action on February 1, 2006, less than one year from returning from Iraq and well within the six-year statute of limitations. By bringing his claim quickly, Carter exemplified the purpose behind equitable tolling, which was designed to protect plaintiffs who pursued their rights diligently. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014).

Contrary to Halliburton's assertions, Carter's filing and re-filing of his complaint was done in order to preserve his first-to-file status and supports the application of equitable tolling to his case. *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (equitable tolling is appropriate where the claimant

---

[4] In fact, questions still remain as to whether a dismissed case while on appeal or awaiting a petition or certiorari is considered to be "pending."

16

exercised due diligence in preserving his legal rights). There was only a negligible amount of time between the dismissal and re-filing of *Carter I*, *II*, *III*, and *IV*, and Carter has never failed to pursue the next step or appeal in furtherance of his claims. *Aikens v. Ingram*, 524 F. App'x 873, 883 (4th Cir. 2013). Although the statute of limitations had run by the time *Carter IV* was filed, the record demonstrates that Carter was diligent in pursuit of his claims.[5]

Initially, Carter pursued tolling via both statutory means, under the WSLA, and, equitable means, under equitable tolling. Although the Supreme Court ultimately declined to apply statutory tolling, no thorough ruling or analysis has ever been given to equitable tolling, and Carter has never waived this claim. Indeed, Carter raised equitable tolling in the district court, the Fourth Circuit, and the Supreme Court. Equitable tolling must apply here because all of the delays and re-filings were caused by an improper reading and understanding of the FCA by the district court, which were beyond Carter's control. *See Wong*, 135 S. Ct. at 1630-31. Similar to the plaintiff in *Wong*, Carter was diligent and equitable tolling is warranted.

Second, Carter has pursued his claims despite a series of unprecedented circumstances and delays, all of which were wholly outside of his control. Carter

---

[5] Carter's cases collectively spent approximately three years under seal, or about half of the statute of limitations time.

17

did not sleep on his rights, nor did he allow for his claims to drift past the statute of limitations. Instead, Carter fought diligently against a sequence of events that have never before occurred, and are unlikely to ever occur again. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). By requesting equitable tolling, Carter only asks this Court to recognize his longstanding efforts to bring his claims before the court, and the extraordinary lengths and difficulties he has surmounted in order to do so.

Requests for equitable tolling are repeatedly upheld so long as the request is not grounded within a garden-variety excuse or a simple mistake. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Here, nothing as mundane as a missed deadline or a forgotten filing is being cited to as the basis for the equitable relief sought by Carter.

The circumstances that prevented Carter from meeting the statute of limitations were both bizarre and out of his control. After filing *Carter I* in 2006, more than two years elapsed by before the Government declined to intervene thereby allowing Carter to proceed. When *Carter I* was dismissed without prejudice six years after the filing of the *Thorpe* case, Carter immediately appealed, but his appeal was cut short when *Thorpe* was declined and dismissed for lack of prosecution. After the identical case was subsequently filed under seal as *Carter II*, the Government again declined to intervene, and Carter moved to

18

dismiss his appeal. Halliburton then sought to delay Carter's efforts to dismiss the appeal by filing a meritless motion in this Court. The district court then mistakenly dismissed *Carter II* based on the dismissed appeal of *Carter I*. Not aware of any other case and seeking to preserve his first-filed position, Carter immediately filed *Carter III* under seal. *Carter III* was then dismissed by the district court because of subsequently filed cases, which should have also been blocked by *Thorpe* or the appeal of *Carter I*, but were not. After this Court reversed the district court's ruling in *Carter III*, *Carter IV* was then filed, but again dismissed by the district court because of Halliburton's petition for certiorari, which finally brought Carter outside of the statute of limitations and into this present conundrum. Although Carter dealt with each of the delays to the best of his ability, none were within his control.

While Halliburton asserts that Carter gambled and lost, the reality is that Carter undertook all necessary steps to preserve his first-to-file status under the then-existing case law. As a result, each time Carter's case was dismissed, Carter had to re-file his case in order to preserve his first-to-file status.

In sum, Halliburton can point to no reason why the policies underlying the FCA should be outweighed by a rigid application of the statute of limitations in this case. If the limitations period is not tolled, Carter will improperly suffer severe

19

prejudice from misapplications of the FCA first-to-file bar that were beyond his control.

## **<u>CONCLUSION</u>**

Carter respectfully requests that this Court deny Halliburton's motion for summary affirmance and entertain briefing from the parties on the issue of equitable tolling.

Dated:   July 10, 2015                       Respectfully submitted,

                                            STONE & MAGNANINI LLP

                                            By:   s/ David S. Stone
                                                David S. Stone
                                                Robert A. Magnanini
                                                Erika Levin
                                            100 Connell Drive, Suite 2200
                                            Berkeley Heights, NJ 07922
                                            Tel: (973) 218-1111
                                            Fax: (908) 464-3010
                                            dstone@stonemagnalaw.com
                                            rmagnanini@stonemagnalaw.com
                                            elevin@stonemagnalaw.com

                                            *Attorneys for Plaintiff-Appellant/Relator*
                                            *Benjamin Carter*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This response to motion complies with the page limitation of Fed. R. App. P. 27(d)(2) because it does not exceed 20 pages, excluding the portions exempted by Fed. R. App. P. 27(d)(2) and 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point font, Times New Roman.

It is so Certified this 10th day of July, 2015:


<u>s/ David S. Stone</u>
David S. Stone

C-1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 10th day of July, 2015, Plaintiff-Appellant/Relator Benjamin Carter's  Response to Defendants-Appellees' Motion for Summary Affirmance was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.  Counsel who are not so registered will be served by first-class U.S. mail, postage prepaid.

> Richard W. Sponseller
> Office of the United States Attorney
> 2100 Jamieson Avenue
> Alexandria, VA 22314


> It is so Certified this 10th day of July, 2015:

> <u>s/ David S. Stone</u>
> David S. Stone

C-2